**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FM Holding Company LLC and First West Properties Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Pekin Insurance Company,<br><br>Defendant. | No. CV-24-00337-PHX-JAT<br><br>**ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This case was removed to federal court based on diversity jurisdiction. However, Defendant has failed to allege sufficient facts to establish jurisdiction. The notice of removal states, "Plaintiff FM Holding Company, L.L.C. ("FM") is an Arizona Limited Liability Company doing business in Arizona. [] Plaintiff First West Properties Corporation ("First West") is an Arizona Limited Liability Company. [] Defendant Pekin is an insurance company incorporated in the State of Illinois, with its principal place of business now located in Pekin, Illinois." (Doc. 1 at 1-2).

With respect to Plaintiff FM Holding, Defendant fails to state each member of the limited liability company and the citizenship of each member. *See Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). With respect to Plaintiff First West Properties, the caption states this entity is a corporation, but the notice of removal states that it is a

1  limited liability company. Regardless, Defendant did not properly allege the citizenship of either a corporation[1] or a limited liability company for this Plaintiff.

Additionally, neither party properly completed their Federal Rule of Civil Procedure 7.1 disclosure statement. Defendant skipped the requirements of Federal Rule of Civil Procedure 7.1(a)(2) completely. *Compare* (Doc. 3 with Doc. 6). Plaintiffs acknowledged their obligations under Rule 7.1(a)(2), but failed to meet them. Specifically, the Rule says, "…The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor…." Plaintiff failed to list every member of the limited liability company and state each member's citizenship. (Doc. 7). Plaintiff also failed to fully state the citizenship of First West Properties. (*Id.*).

To allow the Court to assess jurisdiction,

**IT IS ORDERED** that each party must file a new, complete Rule 7.1 disclosure statement (*see* Doc. 3) by March 6, 2024.

**IT IS FURTHER ORDERED** that Defendant must file a supplement to the notice of removal by March 8, 2024, fully alleging Federal subject matter jurisdiction or this case will be remanded to state court.

Dated this 4th day of March, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010).