**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FM Holding Company LLC, et al., | No. CV-24-00337-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Pekin Insurance Company, | |
| Defendant. | |

Pending before the Court is the parties' joint motion for a protective order. The parties neither show cause for needing a protective order, nor define what they will mark as confidential besides saying it is information "that is deemed to be Confidential Information by any party." (Doc. 33-1 at 2).

Federal Rule of Civil Procedure 26(c)(1) permits district courts, upon motion by a person from whom discovery is sought, and for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1), (G). This Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Generally, however, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007).

Again, Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

A permissible subcategory of global protective orders is umbrella or blanket protective orders.  Blanket protective orders delay the requirement to show good cause with respect to individual documents until the designation of that document as confidential is challenged or when a party attempts to file it under seal. *Rocky Mountain Bank v. Google, Inc.*, 428 Fed. App'x 690, 691 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)) (explaining that *Foltz* held that "where [a] blanket protective order [is] issued, an actual showing of good cause must be made if another seeks access to the document."); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) ("we have held that … reliance on a blanket protective order is unreasonable and is not a 'compelling reason' that rebuts the presumption of access" once a document is filed in the record); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (reliance on a stipulated ... blanket protective order does not justify sealing court records). Umbrella/blanket protective orders "routinely are approved by courts in civil cases." *Van v. Wal-Mart Stores, Inc.*, No. C 08–5296, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*

*Ltd.*, 529 F. Supp. 866, 889 (E.D. Pa. 1981).

Before such orders may be granted however, the movant must make a preliminary showing of good cause, which requires limiting the scope of the protective order to well-defined categories for which the existence of good cause can be determined. *Compare IceMOS Tech. Corp. v. Omron Corp.*, No. CV 17-02575-PHX-JAT (Doc. 87) (granting a protective order limited to two categories); *with Rose v. Dignity Health*, No. CV-21-00775-PHX-JAT, 2021 WL 5084277, at *1–3 (D. Ariz. Nov. 2, 2021) (denying a requested protective order where the parties did not indicate whether a list of categories was "the universe of what they intend[ed] to mark confidential"); *see also Gann v. Gen. Motors LLC*, No. CV-22-00080-TUC-RM, 2022 WL 3552484, at *3–4 (D. Ariz. Aug. 18, 2022).

In this case, as stated above, the parties do not show good cause. The parties do not designate limited categories they intend to mark as confidential, nor explain why such categories would justify protection. Because the parties' motion makes no showing of good cause,

**IT IS ORDERED** that the motion for protective order (Doc. 33) is denied without prejudice.

Dated this 13th day of August, 2024.

James A. Teilborg
Senior United States District Judge